## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| TENISON XAVIER, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   5:20-cv-05183-TLB |
| | ) | |
| JEFFERSON & ASSOCIATES and | ) | |
| USALLIANCE FEDERAL CREDIT UNION | ) | |
| d/b/a USALLIANCE FINANCIAL, | ) | |
| | ) | |
|    Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, TENISON XAVIER ("Plaintiff"), through his attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendants, JEFFERSON & ASSOCIATES ("Jefferson & Associates") and USALLIANCE FEDERAL CREDIT UNION d/b/a USALLIANCE FINANCIAL ("USAlliance") (collectively "Defendants"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Counts II and III of Plaintiff's Complaint is based on the Arkansas Deceptive Practices Trade Practices Act, Ark. Code Ann. § 4-88-101 et seq. ("ADTPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Bentonville, Benton County, Arkansas.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

10. Plaintiff and Defendants are each a person as that term is defined by Ark. Code Ann. § 4-88-102(5).

11. Jefferson & Associates is a debt collector as that term is defined by the FDCPA.

12. Jefferson & Associates is a debt collection agency headquartered in Orange, Orange County, California.

13. USAlliance is a financial institution based in Rye, Westchester County, New York.

14. Defendants are business entities engaged in the collection of debt within the State of Arkansas.

15. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

16. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

17. When an unpaid, outstanding account is placed with Jefferson & Associates it is assigned a file number.

18. The principal purpose of Jefferson & Associates' business is the collection of debts

2

allegedly owed to third parties.

19. Jefferson & Associates regularly collects, or attempts to collect, debts allegedly owed to third parties.

20. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

22. Defendants are attempting to collect an alleged consumer debt from Plaintiff, arising from an account with USAlliance.

23. The alleged debt at issue arises from transactions for personal, family, and household purposes.

24. At all times relevant hereto, Jefferson & Associates was engaged by USAlliance to collect the alleged debt from Plaintiff on USAlliance's behalf.

25. Jefferson & Associates is not registered with the California Secretary of State to conduct business in the State of California.

26. Jefferson & Associates is not registered with the Arkansas Secretary of State to conduct business in the State of Arkansas.

27. Plaintiff does not owe the alleged debt Defendants seek to collect.

28. Plaintiff is a victim of identity theft.

29. An identity thief opened a credit card account with USAlliance using Plaintiff's

3

identification information.

30. On or about July 1, 2020 at 12:41 p.m., Jefferson & Associates' collector, Alex Ward, sent an e-mail to Plaintiff in an attempt to collect the alleged debt.

31. Jefferson & Associates sends e-mails to Plaintiff from jxl@jeffersonassociates.net, which is one of Jefferson & Associates' e-mail addresses.

32. In the July 1, 2020 12:41 p.m. e-mail from Jefferson & Associates, Jefferson & Associates:

   a. Addressed the letter to Plaintiff with an address in West Hollywood, California.

   b. Did not disclose Plaintiff's right to dispute the debt.

   c. Offered to "settle" Plaintiff's alleged debt.

   d. Demanded payment in the amount of $500.00, due no later than July 3, 2020, to clear Plaintiff's claims and liabilities pertaining to the account.

   e. Advised that after payment from Plaintiff was cleared, Jefferson & Associates would update its tradeline with the major credit bureaus to report the account as paid in full.

33. Plaintiff does not reside in West Hollywood, California.

34. At all times relevant, Jefferson & Associates did not report the account to Plaintiff's credit file.

35. At all times relevant, USAlliance reported the account to Plaintiff's credit file.

36. On or about July 1, 2020, Plaintiff sent at least two e-mails to Jefferson & Associates and disputed the debt.

37. Despite Plaintiff's disputes, Jefferson & Associates continued to attempt to collect the alleged debt from Plaintiff.

38. On or about July 1, 2020 at 2:10 p.m., Jefferson & Associates' collector, Alex Ward, sent

4

an e-mail to Plaintiff and did not disclose the communication is from a debt collector.

39. Jefferson & Associates' collector, Alex Ward, is or should be familiar with the FDCPA.

40. Jefferson & Associates' collector knows or should know that the FDCPA requires a debt collector disclose that the communication is from a debt collector.

41. To date, Defendants have not taken legal action against Plaintiff.

## COUNT I:
## JEFFERSON & ASSOCIATES VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff repeats and re-alleges paragraphs one (1) through forty-one (41) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

43. Jefferson & Associates violated the FDCPA based on, but not limited to, the following:

   a. Jefferson & Associates violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Jefferson & Associates engaged in engaged in, at least, the following discrete violations of § 1692e;

   b. Jefferson & Associates violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt, when Jefferson & Associates falsely represented legal action was taken, or about to be taken, against Plaintiff with respect to the alleged debt;

   c. Jefferson & Associates violated § 1692e(10) of the FDCPA by its use of any false representation or deceptive means to collect or attempt to collect any debt, when Jefferson & Associates sent a collection letter to Plaintiff and demanded payment from Plaintiff in two (2) days, when Jefferson & Associates attempted to collect a debt not owed by Plaintiff, when Jefferson & Associates promised it would update

its tradeline with the credit bureaus when Jefferson & Associates was not reporting the alleged debt to Plaintiff's credit file, when Jefferson & Associates continued to attempt to collect the alleged debt Plaintiff after Plaintiff disputed owing the debt and when Jefferson & Associates created the false impression on Plaintiff that Jefferson & Associates was permitted to contact Plaintiff with impunity despite Plaintiff disputing owing the alleged debt;

d.  Jefferson & Associates violated §1692e(11) of the FDCPA by failing to disclose to disclose in subsequent communications with a consumer that the communication is from a debt collector, when Jefferson & Associates sent an e-mail to Plaintiff and did not disclose the communication is from a debt collector;

e.  Jefferson & Associates violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's written dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt, when Jefferson & Associates continued to attempt to collect the alleged debt from Plaintiff after Plaintiff disputed owing the debt;

f.  Jefferson & Associates violated § 1692g(b) of the FDCPA by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Jefferson & Associates continued to relentlessly attempt to collect the alleged debt from Plaintiff despite Plaintiff disputing owing the alleged debt; and

g.  Jefferson & Associates violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Jefferson & Associates engaged in all of the misconduct alleged herein.

44. Jefferson & Associates' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of the foregoing violations of the FDCPA, Jefferson & Associates is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, TENISON XAVIER, respectfully requests judgment be entered against Defendant, JEFFERSON & ASSOCIATES, for the following:

46. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

47. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

48. Any other relief this Honorable Court deems appropriate.

## COUNT II
## JEFFERSON & ASSOCIATES VIOLATED THE ARKANSAS DECEPTIVE PRACTICES TRADE PRACTICES ACT

49. Plaintiff repeats and re-alleges paragraphs one (1) through forty-one (41) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

50. Jefferson & Associates violated the ADTPA based on the following:

   a. Jefferson & Associates violated § 4-88-107(a)(10) of the ADTPA by engaging in unconscionable, false or deceptive act or practice in business, commerce or trade, when Jefferson & Associates engaged in all of the conduct alleged above.

51. As a result of the foregoing violations of the ADTPA, Jefferson & Associates is liable to the Plaintiff for compensatory damages, actual damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, TENISON XAVIER, respectfully requests judgment be entered against Defendant, JEFFERSON & ASSOCIATES, for the following:

52. Actual damages pursuant to the Arkansas Deceptive Practices Trade Practices Act, Ark. Code Ann. § 4-88-113(f)(1)(A);

53. Costs and reasonable attorneys' fees pursuant to the Arkansas Deceptive Practices Trade Practices Act, Ark. Code Ann. § 4-88-113(f)(1)(3); and

54. Any other relief that this Honorable Court deems appropriate.

### COUNT III
### USALLIANCE VIOLATED THE ARKANSAS DECEPTIVE PRACTICES TRADE PRACTICES ACT

55. Plaintiff repeats and re-alleges paragraphs one (1) through forty-one (41) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

56. USAlliance violated the ADTPA based on the following:

   a. USAlliance violated § 4-88-107(a)(10) of the ADTPA by engaging in unconscionable, false or deceptive act or practice in business, commerce or trade, when USAlliance engaged in all of the conduct alleged above.

57. As a result of the foregoing violations of the ADTPA, USAlliance is liable to the Plaintiff for compensatory damages, actual damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, TENISON XAVIER, respectfully requests judgment be entered against Defendant, USALLIANCE FEDERAL CREDIT UNION d/b/a USALLIANCE FINANCIAL, for the following:

58. Actual damages pursuant to the Arkansas Deceptive Practices Trade Practices Act, Ark. Code Ann. § 4-88-113(f)(1)(A);

59. Costs and reasonable attorneys' fees pursuant to the Arkansas Deceptive Practices Trade Practices Act, Ark. Code Ann. § 4-88-113(f)(1)(3); and

60. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____

Michael S. Agruss
IL State Bar #: 6281600
Agruss Law Firm, LLC
4809 N. Ravenswood Ave.
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff